IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3232 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (appeal) |
| UNITED STATES MARSHAL'S SERVICE FOR THE DISTRICT OF NEBRASKA, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 26, the Motion by the plaintiff, Richard Otto Hansen, to proceed in forma pauperis ("IFP") on appeal. The plaintiff, a prisoner, appeals filing no. 23, my Memorandum and Order of January 9, 2006, and filing no. 24, the accompanying Judgment, in which I dismissed the plaintiff's complaint and denied his Motion for Temporary Restraining Order and Preliminary Injunction.

The plaintiff's Motion to Proceed IFP on appeal is denied. The Eighth Circuit Court of Appeals has stated that "[d]istrict courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'" Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997).

In Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000), the Seventh Circuit held that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term,

1

in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Id. For the reasons stated in filing no. 23, I find that the appeal in this case is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3) and Lee v. Clinton, 209 F.3d at 1026.

As the plaintiff's appeal is not taken in good faith, his motion to proceed IFP on appeal is denied. If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1.   That filing no. 26, the plaintiff's Motion to Proceed IFP on appeal, is denied, without prejudice to a renewed motion submitted directly to the Eighth Circuit Court of Appeals;

2.   That the Clerk of Court shall request the plaintiff's trust account information from his institution so that the information will be available to the Eighth Circuit if the plaintiff renews his Motion to Proceed IFP;

3.   That the Clerk of Court shall send a copy of this Memorandum and Order to

the parties and to the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit.

January 26, 2006.          BY THE COURT:

                           s/ *Richard G. Kopf*
                           United States District Judge